IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Kenneth Jerome Scott, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Sargent FNU Riley, Sgt. Nunley, PFC ) | Civil Action No. 8:05-2139 |
| Glessner, PFC Jett, Ofc. Dix, Captain ) | |
| McElvogue, Lieutenant Currie, ) | |
| Detective Edmonds, John and Jane Doe, ) | |
| the Asst. Administrator of Berkeley County ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## ORDER

Plaintiff Kenneth Jerome Scott ("Plaintiff") filed his *pro se* complaint on June 27, 2005. On July 28, 2005, Defendants Sargent Riley, Sargent Nunley, PFC Glessner, PFC Jett, Officer Dix, Captain McElvogue, Lieutenant Currie, and Detective Edmonds ("Defendants") timely removed the action to this Court. On September 12, 2005, the Defendants filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56. (Doc. #8). As the Plaintiff is proceeding *pro se*, an Order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on September 13, 2005, advising the Plaintiff of the importance of the summary dismissal procedure and the possible consequences if he failed to adequately respond. (Doc. #9). The Plaintiff was specifically advised that he had 34 days to respond and that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case. Id. The Plaintiff responded on December 27, 2005. (Doc. #15). On April 27, 2006, Magistrate Judge Bruce H. Hendricks, to whom this case had previously been assigned

1

pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2) (D.S.C.), issued a Report and Recommendation ("the Report") in this case. (Doc. #17). In the Report, Magistrate Judge Hendricks recommends that the Defendants' motion for summary judgment be granted. Id. The plaintiff has filed objections to the Report.

In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections. . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F.Supp. 137, 138 (D.S.C. 1992) (citations omitted). In light of this standard, the Court has carefully reviewed the Report and all documents filed by the parties to this lawsuit. The Court notes that the facts set forth in the Report do not specifically reference the Plaintiff's affidavit. For this reason, the Court will discuss its view of the facts and applicable law in light of the Plaintiff's affidavit.

In his affidavit, the Plaintiff does not deny that he failed to respond to the prison guards' directives or that he heightened tensions that led to a significant confrontation with the guards. He does not relate the fact that a prison guard suffered a serious injury, nor that he, the Plaintiff, was charged and convicted of a serious offense arising out of the confrontation with the guards. The Court can find no basis to conclude use of the pepper spray by the prison guards on the Plaintiff was unwarranted. The Plaintiff states he used water from the toilet to flush his eyes.

For these reasons and the reasons set forth in the Report, and after careful review of the Plaintiff's objections to the Report, the Court accepts the Report. It is therefore **ORDERED** that the Report be **ACCEPTED**, the objections be **OVERRULED**, and summary judgment in Defendants' favor be **GRANTED**. (Doc. #8). In light of this Order, all remaining motions are hereby rendered moot.

**IT IS SO ORDERED**.

S/ Terry L. Wooten

Terry L. Wooten
United States District Judge

July 28, 2006
Florence, South Carolina